**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02286-PAB-SKC

ZVELO, INC.,

    Plaintiff,

v.

CHECK POINT SOFTWARE TECHNOLOGIES, LTD.,

    Defendant.

___

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT**
___

Plaintiff zvelo, Inc. ("zvelo"), by and through its undersigned counsel, Kutak Rock LLP, and pursuant to D.C.Colo.LCivR 6.1(b), requests that the Court enter an Order extending the time for zvelo to effectuate formal service of process on Defendant Check Point Software Technologies, Ltd. ("Check Point"), and in support thereof, states as follows:

1. On September 5, 2018, zvelo filed its Complaint and Jury Demand against Check Point for, among other things, violation of the Defend Trade Secrets Act (the "Complaint").

2. Check Point is incorporated as a company under the laws of the State of Israel with its principal place of business located in Tel Aviv, Israel.

3. In reliance on Check Point's public filings, zvelo reasonably believed that Check Point had designated a registered agent in California to accept service of process on its behalf in the United States.

4. On September 7, 2018, zvelo served in good faith the registered agent in California identified in Check Point's public filings. After initially accepting service, the

1

registered agent subsequently informed zvelo that it was not authorized to accept service on behalf of Check Point.

5. Israel is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention").

6. On September 21, 2018, in compliance with the requirements of the Hague Service Convention, zvelo sent the Complaint to The Director of Courts in Israel to assist with service of the Complaint on Check Point.

7. On November 29, 2018, zvelo received a response from the Administration of Courts in Israel indicating that the Complaint had been sent for service but that a response from the postal authority had not yet been received.

8. zvelo reasonably believes that effectuation of service in compliance with the Hague Service Convention may take anywhere from one to four months to be completed.

9. As of the date of this Motion, to the best of zvelo's knowledge, service of the Complaint has not been effectuated on Check Point in Israel.

10. The deadline for zvelo to serve Check Point pursuant to Fed. R. Civ. P. 4(m) is December 4, 2018.

11. zvelo has made all reasonable efforts to serve Check Point.

12. Accordingly, zvelo requests an extension of 90 days, up to and including March 4, 2019, to effectuate service of process on Check Point.

13. This is the first extension requested by zvelo.

WHEREFORE, Plaintiff zvelo, Inc. respectfully requests that the Court enter an order in the form attached hereto extending the time for zvelo to serve Defendant Check Point Software Technologies, Ltd., up to and including March 4, 2019.

Dated this 29th day of November, 2018.

        KUTAK ROCK LLP

        *s/ Chad T. Nitta*
        Chad T. Nitta
        Blair E. Kanis
        1801 California St., Suite 3000
        Denver, CO 80202
        Tel:  303-297-2400
        chad.nitta@kutakrock.com
        blair.kanis@kutakrock.com

        *ATTORNEYS FOR PLAINTIFF*