IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02286-PAB-SKC

ZVELO, INC.,

    Plaintiff,

v.

CHECK POINT SOFTWARE TECHNOLOGIES, LTD.,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant Check Point Software Technologies, Ltd.'s Motion to Dismiss [Docket No. 28]. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## I. BACKGROUND

This case arises out of a dispute over the alleged misappropriation of trade secrets. Plaintiff zvelo, Inc. is a technology company that offers to customers a database of categorized website addresses, or Uniform Resource Locators ("URLs"), for purposes of domain name filtering, content filtering, parental controls, content categorization, and other purposes. Docket No. 1 at 3, ¶ 12. This type of technology allows companies to filter or block access to certain websites on the companies' computers. *Id.* at 2, ¶ 7. Because websites differ so widely, filtering websites based on form or content can be difficult. *Id.*, ¶ 8. Thus, plaintiff's database assigns categories to each unique URL, such as "news" or "malicious software" so that users can filter or

block websites based on category. *Id.* at 2-3, ¶¶ 8-9. Plaintiff also compiles data about URLs that are actively visited to keep its database up-to-date on active and inactive websites. *Id.* at 3-4, ¶ 14. Plaintiff calls this knowledge of active websites the "zvelo Active Web," which, along with the categorizations of the URLs, makes up plaintiff's database. *Id.* at 4, ¶ 15. Plaintiff contends its database is unique and valuable intellectual property that would be challenging for another company to recreate. *Id.* at 3-4, ¶ 14.

Defendant Check Point Software Technologies, Ltd. is a company located in Israel that offers products and services that provide URL filtering functionality. *Id.* at 1, ¶ 2; *id.* at 8, ¶ 41. Plaintiff alleges that defendant's products and services have illegally used plaintiff's database and the proprietary information contained therein, resulting in trade secret misappropriation. *Id.* at 8-9, ¶¶ 42-43.

Plaintiff filed this lawsuit on September 5, 2018, raising claims of (1) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, (2) trade secret misappropriation under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101, *et seq.*, and (3) unjust enrichment. Docket No. 1 at 9-13. Plaintiff also seeks injunctive relief. *Id.* at 14. On February 8, 2019, defendant filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Docket No. 28. Plaintiff filed a response, Docket No. 37, to which defendant replied. Docket No. 46. The Court will first address the threshold question of whether it has personal jurisdiction over defendant. *U.S. v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir.

2002).

## II. LEGAL STANDARD – PERSONAL JURISDICTION

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether a court has personal jurisdiction over a defendant. The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). A plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id.* The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id.*

## III. ANALYSIS

In establishing whether a federal court has personal jurisdiction over a defendant, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute has been construed to

extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Shaw v. Vircurex*, No. 18-cv-00067-PAB-SKC, 2019 WL 2636271, at *2 (D. Colo. Feb. 21, 2019). Plaintiff argues that the Court has specific personal jurisdiction over defendant. Docket No. 37 at 2. In the alternative, plaintiff contends that personal jurisdiction is proper under Rule 4(k)(2) of the Federal Rules of Civil Procedure. *Id.* at 4.

### A. Specific Jurisdiction

Specific jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). The specific jurisdiction analysis is two-fold. First, the Court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether plaintiff's claim arises out of or

results from "actions by . . . defendant . . . that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted). Second, if defendant's actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction over defendant offends "traditional notions of fair play and substantial justice." *Id.* at 105. This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over the defendant is "reasonable" in light of the circumstances of the case. *Id.*

Plaintiff argues that defendant has the requisite minimum contacts with Colorado because defendant "purposefully directed marketing and sales for its URL Filtering Software Blade in the United States," "willingly acknowledges that it has used [a] U.S.-based wholly-owned subsidiary" as a distributor for its products and services, and "admits that it sells its URL Filtering Software Blade to end-users in the United States through third-party resellers or distributors." Docket No. 37 at 2-3. Further, plaintiff states that defendant "does not claim that it, its resellers, or its distributors make any effort to exclude Colorado from their sale efforts." *Id.* at 3.

Plaintiff's argument misses the mark. The relevant inquiry is not whether defendant has minimum contacts with the United States in general and, incidentally, Colorado, but whether defendant has "purposefully availed itself of the privilege of conducting activities within the forum State or [has] purposefully directed its conduct into the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1785 (internal quotation marks and alteration marks omitted). "A defendant has 'purposefully directed' its activities at Colorado or its residents when it has (1) taken intentional action, (2) that

5

was expressly aimed at Colorado, (3) with the knowledge that the brunt of the injury from the action would be felt in Colorado." *Pandaw Am. Inc., v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1309-10 (D. Colo. 2012) (citing *Dudnikov*, 514 F.3d at 1071). Plaintiff's allegations fail to plead an intentional action that was expressly aimed at Colorado. Allegations that defendant directed its activities at the United States generally are insufficient to establish that defendant took intentional action that was expressly aimed at Colorado such that defendant is subject to personal jurisdiction in Colorado courts. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 885-86 (2011) (finding no personal jurisdiction in New Jersey court where the defendant had "directed marketing and sales efforts at the United States," but plaintiff had "not established that [defendant] engaged in conduct purposefully directed at New Jersey"); *see also id.* at 888-89 (Breyer, J., concurring) (declining to join in "rule of broad applicability," but finding that, under the facts of the case – where there was no evidence of regular course of sales in New Jersey, no evidence of state-specific advertising or marketing, and no evidence of specific effort to sell in New Jersey – the exercise of personal jurisdiction in New Jersey court was improper).

Plaintiff has presented no evidence of a specific effort on the part of defendant to target Colorado. Plaintiff argues that defendant's website "is purposefully equipped to communicate with Colorado residents, offering 'Colorado' in a drop-down menu" so that users can provide their address to defendant to purchase its products or services, and "touts on its website that it has offices in numerous U.S. states, including Colorado." Docket No. 37 at 3. But "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to

6

the site, simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). Rather, the Court must look at whether there was an intentional act expressly aimed at the forum state that was performed with knowledge that the brunt of the injury would be felt in that state. *Id.* at 1240.

The Court finds that defendant's maintenance of its website does not constitute such an intentional act. The fact that a user can select Colorado from a drop-down menu when inputting an address into the website is insufficient to confer personal jurisdiction upon defendant absent an allegation that Colorado residents were specifically targeted in some way. *See Boppy Co. v. Luvee Prods. Corp.*, No. 04-MSK-320, 2004 WL 2608265, at *4 (D. Colo. May 25, 2004) ("[T]he Court notes that many cases recognize that the 'purposeful' element is not satisfied by an interactive website that is generally available to persons nationwide (much less worldwide) but which does not specifically target residents of the forum state to a degree greater than any other users."). The complaint does not allege that the website contained Colorado-specific information or that it targeted Colorado residents more so than residents of other states. *See* Docket No. 1. Rather, plaintiff alleges that defendant's website is "purposefully equipped" to communicate with Colorado residents. Docket No. 37 at 3. But the fact that Colorado residents can interact with defendant's website does not subject defendant to the personal jurisdiction of the state. To hold otherwise would be to allow defendant to be haled into court in any jurisdiction in which a resident could access and use defendant's website, which would improperly "resemble[] a loose and spurious form

7

of general jurisdiction," *Bristol-Myers Squibb*, 137 S. Ct. at 1781, and would offend the "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 105. Under these facts, the Court cannot conclude that defendant, through its website, engaged in an intentional act deliberately aimed at the forum state so as to render it subject to Colorado's personal jurisdiction.

Finally, plaintiff's argument that the Court has specific personal jurisdiction over defendant because defendant lists a Colorado office on its website is unavailing. Beyond a cursory statement that its "cause of action arises out of the sale or offering for sale of the infringing URL Filtering Software Blade in Colorado," Docket No. 37 at 3, plaintiff does not allege facts indicating that its lawsuit arises out of or relates to defendant's office in Colorado. *See* Docket Nos. 1 and 37. Plaintiff has made no averment that defendant's alleged misappropriation of trade secrets is somehow connected to the Colorado office. *See id.* Absent such allegations, the Court cannot find that it has personal jurisdiction here. *See Morrow v. Calico Res. Corp.*, No. 14-cv-03348-MEH, 2015 WL 535342, at *6 (D. Colo. Feb. 9, 2015) (finding that defendant's sublease of Colorado office space and work out of Colorado office were unrelated to underlying dispute and was insufficient basis to find personal jurisdiction); *see also Asahi*, 480 U.S. at 109 (specific jurisdiction is proper "where the contacts proximately result from actions by . . . defendant . . . that create a substantial connection with the forum State"). The Court finds that it does not have specific personal jurisdiction over defendant.[1]

---

[1] Plaintiff states in a footnote that, to the extent that defendant argues its contacts with Colorado are insufficient, plaintiff "is entitled to jurisdictional discovery focused on

### B. Personal Jurisdiction under Rule 4(k)(2)

"When a plaintiff's claims arise under federal law and the defendant is not subject to the jurisdiction of any state's court of general jurisdiction, Rule 4(k)(2) of the Federal Rules of Civil Procedure provides for federal long-arm jurisdiction if the plaintiff can show that the exercise of jurisdiction comports with due process." *GCIU-Employer Ret. Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 867-68 (10th Cir. 2017) (unpublished). This rule "serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Archangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1360 (D. Colo. 2014) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com De Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009)).

Plaintiff's lawsuit arises, in part, under DTSA. Docket No. 1 at 9. Thus, plaintiff has satisfied the first prong of the Rule 4(k)(2) test. *Pandaw*, 842 F. Supp. 2d at 1311. Next, plaintiff must demonstrate that defendant is not subject to personal jurisdiction in any state. Fed. R. Civ. P. 4(k)(2)(A). "Rather than requiring the plaintiff to meet the

---

the sale of URL filtering products and services in Colorado and the relationship between [defendant] and the entities that sell its products." Docket No. 37 at 3, n.2. To the extent that this sentence could be interpreted as a motion for jurisdictional discovery, it fails to comply with D.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). This alone is a sufficient basis to deny plaintiff's request. Further, to obtain jurisdictional discovery, a plaintiff must "present a sufficient factual predicate for the establishment of personal jurisdiction." *St. Paul Travelers Cas. & Sur. Co. of Am. v. Guaranty Bank and Trust Co.*, No. 05-cv-00968-REB-BNB, 2006 WL 1897173, at *4 (D. Colo. July 10, 2006). Plaintiff has not done so. For these reasons, plaintiff is not entitled to additional jurisdictional discovery.

9

onerous burden of proving that the defendant is not subject to personal jurisdiction in any of the 50 states, most circuits have taken the following approach:

> A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there. . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*Pandaw*, 842 F. Supp. 2d at 1311 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)).[2]

"A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there. . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1335 (D. Utah 2006) (internal quotation omitted). Defendant contends that it is subject to the general jurisdiction of the courts of California, where its United States-based subsidiary has its principal place of business. Docket No. 46 at 4; *see also* Docket No. 28-1 at 2-3, ¶ 4. Because such contention amounts to consent to personal jurisdiction in California and renders defendant subject

---

[2]In *Pandaw*, another court in this district presumed that the Tenth Circuit would follow this approach "[b]ecause of the widespread agreement amongst the circuits." 842 F. Supp. 2d at 1311; *see also Archangel*, 75 F. Supp. 3d at 1362 (another court in this district following the same approach). While the Tenth Circuit has not expressly adopted this approach, it was referenced without objection in *GCIU-Employer Retirement Fund*, 700 F. App'x at 868 (citing *Holland Am. Line Inc v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007)).

to jurisdiction in that state, *see Qwest Commc'ns Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1204 (D. Colo. 1999) (stating that one way a court may obtain personal jurisdiction over a defendant is through defendant's consent), the Court will not exercise personal jurisdiction over defendant under Rule 4(k)(2). *See SpaceCo Bus. Sols., Inc. v. Mass Engineered Design, Inc.*, 942 F. Supp. 2d 1148, 1156 (D. Colo. 2013) (finding that, because defendant was subject to personal jurisdiction in Texas courts, jurisdiction in Colorado could not be based upon Rule 4(k)(2)). For this reason, the Court will grant defendant's motion to dismiss for lack of personal jurisdiction.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant Check Point Software Technologies, Ltd.'s Motion to Dismiss [Docket No. 28] is GRANTED. It is further

**ORDERED** that all claims against defendant are **DISMISSED** without prejudice for lack of personal jurisdiction. It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have its costs by filing a Bill of Costs with the Clerk of Court. It is further

**ORDERED** that this case is closed.

DATED September 30, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge