IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02286-PAB-SKC

ZVELO, INC.,

        Plaintiff,

v.

CHECK POINT SOFTWARE TECHNOLOGIES, LTD.,

        Defendant.

**DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES, LTD.'S MOTION FOR ATTORNEYS' FEES**

### I.    PRELIMINARY STATEMENT

On September 30, 2019, this Court issued an order granting Defendant Check Point Software Technologies, Ltd.'s ("Check Point") Motion to Dismiss the Complaint filed by Plaintiff zvelo, Inc. ("zvelo") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. A final judgment was entered on October 2, 2019 dismissing all claims against Check Point, entering judgment in favor of Check Point and against zvelo, and awarding Check Point its costs. In light of the Court's decision and the final judgment, zvelo respectfully moves this Court for recovery of its attorneys' fees. Check Point should be awarded its attorneys' fees pursuant to C.R.S. § 13-17-201 because zvelo's lawsuit, which sounded in tort, was dismissed under Rule 12(b) before trial.

## II. CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Check Point's counsel conferred with zvelo's counsel regarding this Motion through correspondence dated October 4, 2019 and October 7, 2019. zvelo opposes the relief requested herein.

## III. BACKGROUND

As the Court noted in its order granting Check Point's motion to dismiss, "this case arises out of a dispute over the alleged misappropriation of trade secrets." Dkt. 55, at 1. In particular, when zvelo filed this lawsuit on September 5, 2018, it raised claims of "(1) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, (2) trade secret misappropriation under the Colorado Uniform Trade Secrets Act ("CUTSA"), C.R.S. § 7-74-101, *et seq.*, and (3) unjust enrichment." *Id.* at 2.

On February 8, 2019, Check Point filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. *Id.*; Dkt. 28. When deciding Check Point's motion, the Court first addressed "the threshold question of whether it has personal jurisdiction over defendant." *Id.* Because the Court concluded that it lacked personal jurisdiction, it dismissed the case pursuant to Rule 12(b)(2) on September 30, 2019 and did not reach Check Point's request for relief under Rule 12(b)(6).

## IV. ARGUMENTS & AUTHORITIES

### A. Applicable Legal Standards

Section 13-17-201 of the Colorado Revised Statutes provides that where any action sounding in tort "is dismissed on motion of the defendant prior to trial under rule 12 (b) of the

Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." If Section 13-17-201 applies, "the award of attorneys' fees is mandatory." *Nero v. Am. Family Mut. Ins. Co.*, 11-CV-02717-PAB-MJW, 2013 WL 5323191, at *8 (D. Colo. Sept. 23, 2013) (Brimmer, J.).

The award of attorneys' fees is mandated by Section 13-17-201 in trade secret cases dismissed for lack of personal jurisdiction. *See Gognat v. Ellsworth*, 224 P.3d 1039, 1052-55 (Colo. App. 2009). In *Gognat*, plaintiff appealed the district court's dismissal of trade secret misappropriation claims for lack of personal jurisdiction against three defendants. *Id.* at 1044. In considering the jurisdictional arguments, the Colorado Court of Appeals noted as an initial matter that Section 13-17-201 is applicable to a case where trade secret claims are dismissed because allegations of misappropriation of trade secrets implicate "alleged tortious conduct." *Id.* at 1053. With respect to the jurisdictional issues raised by defendants, the Court of Appeals concluded that the district court lacked personal jurisdiction over two of the three defendants, but that the plaintiff had established a *prima facie* case of the court's personal jurisdiction over a third defendant. *Id.* at 1044. Concerning the two defendants who were properly dismissed by the district court for lack of personal jurisdiction, the appeals court determined that "an award of attorney fees to those defendants was mandatory" under Section 13-17-201. *Id.* at 1055. In so finding, the appeals court rejected plaintiff's argument that the "defendants consented to personal jurisdiction when they filed a motion requesting an award of attorney fees pursuant to section 13-17-201." *Id.* at 1054.

The fees awarded to a defendant who prevails on a Rule 12(b) motion in a case sounding in tort include all fees incurred by defendant in defending the action, not just attorneys' fees

3

incurred in preparing a motion to dismiss. As the Colorado Court of Appeals explained, "Section 13-17-201 does not so limit an award and instead expressly authorizes attorney fees in defending the action." *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008).

Although Section 13-17-201 applies to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure, courts have concluded that the statue applies with equal force "when Colorado state law tort claims are dismissed under Fed. R. Civ. P. 12(b) because federal courts 'must apply the substantive law of the forum state' and attorney fee statutes are considered substantive for diversity purposes." *Nero*, 2013 WL 5323191, at *7 (quoting *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000)). To that end, this Court has awarded fees to a defendant in a case where it dismissed plaintiff's state law claim alleging negligence pursuant to Fed. R. Civ. P. 12(b)(1) and plaintiff's federal claim alleging a constitutional violation pursuant to Fed. R. Civ. P. 12(b)(6). *See Martinez v. Guajardo*, 11-CV-01668-PAB-CBS, 2012 WL 3983538, at *1 (D. Colo. Sept. 11, 2012) (Brimmer, J.).

**B.   Section 13-17-201 Is Applicable And An Award To Check Point Of Its Attorneys' Fees Is Therefore Mandatory**

zvelo's lawsuit consists of claims for trade secret misappropriation under DTSA and CUTSA and a claim for unjust enrichment. zvelo's trade secret claims are tort claims. *See, e.g., Gognat*, 224 P.3d at 1053 (finding that claims alleging trade secret misappropriation implicate "tortious conduct"); *see also Genentech, Inc. v. JHL Biotech, Inc.*, C 18-06582 WHA, 2019 WL 1045911, at *4 (N.D. Cal. Mar. 5, 2019) (recognizing that claims for misappropriation of trade secrets under DTSA and California Uniform Trade Secret Act "sound[] in tort"). Indeed, under Colorado law, courts consider the six factors set forth in the *Restatement (First) of Torts § 757* as guidance to determine the existence of a trade secret. *See, e.g., Network Telecommunications,*

4

*Inc., Boor-Crepeau,* 790 P.2d 901, 903 (Colo. Ct. App. 1990); *Colorado Supply Co. v. Stewart,* 797 P.2d 1303, 1306 (Colo. Ct. App. 1990); *Hertz v. Luzenac Group,* 576 F.3d 1103, 1108-09 (10th Cir. 2009); *Harvey Barnett, Inc. v. Shidler*, 143 F. Supp.2d 1247, 1251-52 (D. Colo. 2001).

zvelo's unjust enrichment claim, just like its trade secret misappropriation claims, is a tort-based claim. Indeed, as this Court recently decided, zvelo's unjust enrichment claim "is fully incorporated by, and therefore preempted by, CUTSA." *See zvelo, Inc. v. Akamai Techs., Inc.*, 19-CV-00097-PAB-SKC, 2019 WL 4751809, at *5 (D. Colo. Sept. 30, 2019).

Section 13-17-201 applies here and mandates the award of fees to Check Point even though Check Point filed its motion pursuant to Federal Rule 12(b), not Colorado Rule 12(b). Colorado federal courts have consistently applied Section 13-17-201 and awarded attorneys' fees after dismissing tort claims pursuant to Federal Rule 12(b). *See, e.g., Martinez*, 2012 WL 3983538, at *1 (awarding fees under Section 13-17-201 for case involving state and federal claims); *Advanced Career Techs., Inc. v. John Does 1-10*, 100 F. Supp. 3d 1105, 1107-08 (D. Colo. 2017) (rejecting argument that Section 13-17-201 applies only to claims based on state law and finding that the statute applies to Lanham Act claims; "While on its face § 13-17-201 only applies to motions brought under Rule 12(b) of the Colorado Rules of Civil Procedure, the statute has been interpreted to apply to the dismissal of state claims under Federal Rule of Civil Procedure 12(b).").

"The Colorado General Assembly enacted § 13-17-201 to 'discourage unnecessary litigation of tort claims,' and it applies not only to tort actions involving death or injury to person or property, but also tort actions involving mere economic injury." *Nero*, 2013 WL 5323191, at *7. Here, all of zvelo's claims sound in tort and allege economic injury. For that reason, under

Section 13-17-201 Check Point is not required to prove that zvelo "filed the suit for reasons of harassment or delay or other improper purposes." *Building On Our Best LLC v. Sentinel Ins. Co. Ltd.*, Civ. No. 15-cv-00669-RBJ (D. Colo. May 3, 2016). Instead, an award of attorneys' fees under Section 13-17-201 "is *mandatory*" because this Court dismissed an action sounding in tort under Rule 12(b). *Id.* (emphasis original).

### C. Check Point Should Be Awarded All Of Its Reasonable Attorneys' Fees

Section 13-17-201 provides for an award to defendant of its "reasonable attorney fees in defending the action." To determine reasonable attorneys' fees, district courts arrive at a "lodestar" figure by multiplying the reasonable hours spent by a party's counsel by the reasonable hourly rate for counsel. *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). Consistent with this precedent and Local Rule 54.3, Check Point submits herewith fee affidavits in support of its request for an award of its "reasonable attorney fees in defending the action."

Check Point's fee affidavits include (i) "a summary of relevant qualifications and experience" for the persons providing the services for whom an award of fees is sought and (ii) "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." *Id.* 54.3(b). In particular, Check Point submits with this motion detailed affidavits describing the services rendered, the amount of time spent, the hourly rate for the work performed, the expenses incurred, and the total amount claimed as **Exhibit A** for the law firm of Wheeler Trigg O'Donnell LLP and **Exhibit B** for the law firm of DLA Piper LLP. These affidavits, executed by counsel for Check Point, also include a summary of relevant qualifications and experience of the persons who performed the work relating to Check Point's defense in this lawsuit.

As set forth in the attached affidavits, Check Point's counsel is highly qualified. Additionally, the hourly rates of Check Point's counsel are reasonable as they are in line with the "prevailing market rate," *i.e.*, the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Furthermore, given the need for defense counsel to investigate zvelo's claims, conduct discovery, participate in a scheduling conference and discovery conferences, and pursue a motion to dismiss and a motion for sanctions, the hours worked in this case by defense counsel, which do not even include the many hours spent by in-house counsel for Check Point and by Check Point's expert witness, were reasonable and necessary.

## V. CONCLUSION

For the foregoing reasons, Check Point respectfully requests that the Court: (i) GRANT Check Point's Motion for Attorneys' Fees; and (ii) ORDER zvelo and zvelo's counsel to pay $325,072.23 to Check Point for Check Point's reasonable attorneys' fees, plus the attorneys' fees that Check Point will incur through the disposition of this motion.

Dated:  October 11, 2019

Kathryn A. Reilly
Melissa L. Romero
**WHEELER TRIGG**
**O'DONNELL LLP**
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
T:  303.244.1800
F:  303.244.1879
reilly@wtotrial.com
romero@wtotrial.com

Respectfully submitted,

*/s/ Michael Strapp*
Michael Strapp
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
T:  617.406.6000
F:  617.406.6147
michael.strapp@dlapiper.com

**COUNSEL FOR DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES, LTD.**

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2019, I electronically filed the foregoing DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES, LTD.'S MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                */s/* Michael Strapp
                                                Michael Strapp